IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE HANOVER INSURANCE COMPANY, a New Hampshire Corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 12 C 6617 |
| v. | ) ) | Judge Robert W. Gettleman |
| L & K DEVELOPMENT, an Illinois Limited Liability Company, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Robert and Linda Bruce ("the Bruces"), third parties seeking to intervene in the instant case, retained defendant L&K Development, LLC ("L&K") as general contractor for the construction of a new barn and single family home (the "property") in Woodstock, Illinois. Plaintiff, the Hanover Insurance Company ("Hanover"), issued a builder's risk insurance policy (the "policy") to L&K, for the construction of a new, single family home and barn. On or about July 12, 2011, L&K sent a notice of claim to Hanover seeking coverage for damages to the property that occurred during construction on July 11, 2011. Hanover denied the claim.

On December 5, 2011, the Bruces filed suit against L&K, among other defendants not including Hanover, in the Circuit Court of McHenry County, Illinois, seeking to recover for the damage to their property. L&K failed to appear, resulting in a default judgment against it on August 12, 2012, for $586,086.52. Five days later, on August 17, 2012, Hanover filed the instant case, seeking a declaratory judgment that it has no obligation under the policy to indemnify L&K for any loss the Bruces incurred as a result of damage to their property. In response to Hanover's complaint, before L&K's answer, the Bruces filed the instant motion to intervene pursuant to

Fed. R. Civ. P 24(a), contending that they have a direct interest in the property that is the subject of the action. On October 16, 2012, after L&K appeared, the state court vacated its initial default judgment against L&K. L&K's attorneys, however, have since withdrawn from the state court action, leaving L & K unrepresented. L&K has answered Hanover's complaint in the instant case, raised a number of affirmative defenses, and counterclaimed against Hanover for a declaration of coverage, breach of contract and bad faith refusal to provide coverage in violation of the Illinois Insurance Code.

For the reasons stated below, the Bruces' motion to intervene is granted.

## DISCUSSION

The Bruces have moved to intervene as a matter of right under Fed. R. Civ. P. 24(a), which provides in part that upon timely motion the court must permit anyone to intervene who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To prevail on their motion to intervene, the Bruces must establish that: 1) the motion is timely; 2) they have an interest relating to the property or transaction at issue; 3) disposition of the action as a practical matter may impair or impede their ability to protect their interest; and 4) no existing party adequately represents their interest. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). As prospective intervenors, the Bruces bear the burden to prove each element, and a failure to establish any of these elements requires denial. *See Vollmer v. Publishers Clearinghouse,* 248 F.3d 698, 705 (7th Cir.2001).

There is no dispute in the instant case as to the timeliness of the Bruces' motion. Hanover contends, however, that the Bruces fail to meet the other three requirements.

2

**Interest**

In ascertaining whether the Bruces have the interest as required by Fed. R. Civ. P. 24(a)(2), the evaluation focuses "on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995). Such an interest, to enable the Bruces to intervene as of right, must be "direct, significant [and] legally protectable." *Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). It is something less than a property right, *id*. at 1381, but "a mere economic interest is not enough," *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009). Importantly, whether a movant has an interest sufficient to warrant intervention as of right is a "highly fact-specific determination." *Security Ins. Co.*, 69 F.3d at 1381.

Based on the complaint filed by Hanover, the issue to be resolved by the instant lawsuit is whether the builder's risk insurance policy issued by Hanover to L&K extends to cover the Bruces' claim against L&K. In *Hartford Acc. & Indem. Co. v. Crider,* 58 F.R.D. 15, 18 (N.D.Ill.1973), a case with identical facts and the same issue, the court found that the prospective intervenor's interest in the dispute between the insurer and the insured over coverage was sufficient to justify intervention as of right. Similarly, in *Security Ins. Co.*, where a property owner moved to intervene in a declaratory suit filed by an insurer against an insured constructor seeking a judgment that the insurer's policy does not cover the property owner's claim against the contractor, the Seventh Circuit affirmed district court's finding of the property owner's sufficient interest in the underlying policy's coverage for intervention under Fed. R. Civ. P.

3

24(a). *Security Ins. Co.*, 69 F.3d at 1381. For the same reasons[1], this court finds that the Bruces have a sufficient interest in the instant litigation to support intervention.

**Interest Impaired or Impeded**

With respect to the impairment requirement under Fed. R. Civ. P. 24(a)(2), "[i]mpairment exists when the decision of a legal question . . . would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994). "The possibility of foreclosure is measured by the standards of *stare decisis*." *American National Bank and Trust Co. of Chicago v. City of Chicago,* 865 F.2d 144, 148 (7th Cir.1989). A prior determination in favor of the insurer would prejudice any future action by the third-party victim against the insurer. *Hartford Accident and Indemnity Co.*, 58 F.R.D. at 18. In the event of a favorable judgment in the state court, the Bruces, if not allowed to intervene in the instant case, would have to file an action against Hanover to collect on any judgment against L&K. Such an action, however, would likely be prejudiced by a determination favoring Hanover in the instant case. *Id*. Also, because an action by the Bruces against Hanover to collect damages would involve the precise issue presently before this court, considerations of judicial economy requires this court to allow intervention. *Id*.

---

[1] Compared with the general professional liability insurance policy in *Security Ins. Co.*, the fact that the builder's risk insurance policy was purchased for the specific purpose of covering any potential damage to the Bruces' property, as admitted by a principal of L&K, supports an even stronger interest by the Bruces, compared with the interest of the third-party victim in *Security Ins. Co.*

**Inadequate Representation**

To establish the inadequate representation prong, a prospective intervenor "must only make a showing that the representation may be inadequate and the burden of making that showing should be treated as minimal." *Ligas ex rel. Foster*, 478 F.3d at 774. However, "[w]here a prospective intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate." *Id*. at 347. To overcome this presumption, the prospective intervenor "must demonstrate, at the very least, that some conflict exists." *Id*.

In the instant case, because L&K and the Bruces have the same goal, establishing the policy's coverage of the damages caused to the Bruces' property on July 11, 2011, the court presumes that L&K can adequately represent the Bruces. To overcome this presumption, the Bruces must demonstrate some conflict. *Id*. In their reply to Hanover's opposition to their intervention, the Bruces offered two reasons for L&K's inadequate representation. The first is that L&K's attorneys in the state court claim have withdrawn since the vacation of the default judgment which, according to the Bruces, casts doubt on L&K's ability to defend its own interest, let alone the Bruces' interests. The second is that because L&K is adverse to the Bruces in the state court claim it is counterintuitive to argue that L&K will adequately protect the interests of the Bruces.

To the first reason offered by the Bruces, is enough to overcome the presumption of adequate representation by L & K. If L&K indeed chooses to abandon the state court case and accept liability for any damage to the Bruces' property[2], it is reasonable for the Bruces to doubt

---

[2]As a limited liability company, L & K's lack of legal representation in the state action results in a default. *See Shehu v. Popescu*, 2012 Il. App. 110723-U, 2012 WL 6962053 at *6 (1st

(continued...)

5

L&K's effort in safeguarding the policy's coverage of damages to the Bruces' property. Based on the answer filed by L&K, it does appear that L&K is actively defending the instant case, at least in this initial stage. Whether L & K has the means to continue to do so remains uncertain, however, given its position in the state case. Therefore, the court concludes that the Bruces have demonstrated a need to intervene to ensure that their interests continue to be adequately represented.

Moreover, even if the Bruces cannot intervene as of right, permissive intervention under Fed. R. Civ. P. 24(b) is "perfectly appropriate." *Security Ins. Co.*, 69 F.3d at 1381. Under Fed. R. Civ. P. 24(b)(1)(B), the court may permit a timely motion for intervention when the prospective intervenor "has a claim or defense that shares with the main action a common question of law or fact." When deciding whether to allow intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Because the Bruces seek to present the same defense that L&K is presenting, the requirement that the defenses share a common question of law or fact is easily satisfied. *See Flying J, Inc.*, 578 F.3d at 573. Also, given that Hanover has to address L&K's defense, the addition of similar defense from the Bruces will not unduly delay or prejudice the adjudication of Hanover's rights. In fact, the Bruces filed their proposed answer to Hanover's complaint over two months before L&K's answer was filed. In addition, as explained by the Seventh Circuit in *Security Ins. Co.* and the District Court in *Hartford Accident and Indemnity Co.*, because a

---

[2](...continued)
Dist. 2012).

potential future action by the Bruces against Hanover to collect on a favorable state court judgment concerns the precise issue presently before this court, consideration of judicial economy weighs in favor of allowing the Bruces' to intervene. *Security Ins. Co.*, 69 F.3d at 1381; *Hartford Accident and Indemnity Co.*, 58 F.R.D. at 18.

## CONCLUSION

For reasons stated above, the Bruces' motion to intervene (Doc. 6) is granted.


**ENTER:** March 25, 2013

_____
**Robert W. Gettleman**
**United States District Judge**